IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20 CV 388 MOC WCM

| | |
|---|---|
| LETOYA MCCULLOUGH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF THE SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on the Commissioner's Motion for Summary Judgment (Doc. 15), which has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a memorandum and recommendation.

I.  Procedural Background

The Administrative Record ("AR") indicates that Plaintiff Letoya McCullough ("Plaintiff") submitted an application for disability insurance benefits, alleging disability beginning in March of 2015. That application was denied upon initial review on September 18, 2015. See AR at 210-213.

On April 14, 2016, Plaintiff filed another application for disability insurance benefits, as well as an application for supplemental security income, alleging disability beginning March 23, 2015. AR at 180-183; 184-190.

1

On June 17, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR at 26-42.

The Appeals Council denied Plaintiff's request for review of that decision, AR at 1-5, and Plaintiff, who is proceeding *pro se*, filed the instant action. Doc. 1.

On December 28, 2020, the District Court issued a text-only scheduling order setting a deadline of February 26, 2021 for Plaintiff to file a Motion for Summary Judgment, and a deadline of April 27, 2021 for the Commissioner to file a Motion for Summary Judgment.

Plaintiff did not file a Motion for Summary Judgment.

On April 27, 2021, the Commissioner filed a Motion for Summary Judgment. See Docs. 15 & 16.

Plaintiff did not respond to the Commissioner's Motion for Summary Judgment.

On May 14, 2021, the undersigned, *sua sponte*, issued an order extending Plaintiff's deadline to file a Motion for Summary Judgment and/or respond to the Commissioner's Motion for Summary Judgment through and including June 4, 2021. Doc. 17. Plaintiff was advised that if she did not submit a Motion for Summary Judgment or respond to the Commissioner's Motion for Summary

Judgment by the extended deadline, the Court may proceed to consider the merits of this matter without hearing from her. Id.

Plaintiff did not respond to the Commissioner's Motion for Summary Judgment and did not file her own Motion by the June 4, 2021 deadline.

## II. Discussion

"Where, as here, the claimant has failed to fully litigate his court challenge to the Commissioner's decision, some courts have held that the case is subject to dismissal without consideration of the merits." Stokes v. Astrue, No. 5:11–CV–74–D, 2013 WL 588989, at *4 (E.D.N.C. Jan 23, 2013) (collecting cases). "Other courts, however, have treated review of cases on the merits as necessary under such circumstances, attempting to identify the basis for the challenge to the Commissioner's decision from the filings the claimant did make." Id.

Here, as Plaintiff did not file a Motion for Summary Judgment and has not responded to the Commissioner's Motion for Summary Judgment, it is difficult to identify the basis for Plaintiff's challenge to the Commissioner's decision.

Nonetheless, and without deciding whether the Court under these circumstances is required to address the merits of the Commissioner's decision, the undersigned has considered possible objections based on the information Plaintiff has submitted. See Stokes, 2013 WL 588989, at *4 ("Without deciding

3

whether the law requires the court to address the Commissioner's decision on the merits in light of plaintiff's failure to actively litigate this case, the court will address each of these presumed objections by plaintiff in turn below"). In particular, in her Complaint, Plaintiff includes the handwritten phrase: "denied request to review." Doc. 1 at 1. The form Complaint additionally asks that the Court "reverse the determination of the Social Security Administration and award me the benefits to which I am entitled." Doc. 1 at 2.

### A. Treatment of the Prior Application

As noted, the record indicates that Plaintiff previously filed an application for disability insurance benefits, alleging disability beginning in March of 2015. See AR at 210-213. Plaintiff's prior application was denied upon initial review on September 18, 2015. Nothing in the record indicates that Plaintiff sought reconsideration of that decision within the required sixty-day period. See 20 C.F.R. §§ 404.905, 404.909(a)(1).

Because Plaintiff's instant application alleged a disability onset date of March 23, 2015, the ALJ interpreted Plaintiff's second application as being "an implied request for reopening." AR 12. The ALJ then found no basis to reopen Plaintiff's prior claim and proceeded to consider the applicable period of alleged disability as commencing on September 19, 2015 (the day following the denial of Plaintiff's prior application).

4

Since Plaintiff did not seek timely review of the denial of her prior application, that determination became final. Monger v. Bowen, 817 F.2d 15, 16 (4th Cir. 1987). Further, the decision to reopen the prior benefits determination was within the Commissioner's discretion. Id. at 18; Allen v. Astrue, No. 6:10cv00035, 2012 WL 1941402, at *11 (W.D. Va. May 29, 2012) ("Even assuming Allen's third application could be construed as a request to reopen his second DIB claim, nothing in the regulations requires the Commissioner to reopen a claim at the request of a claimant within 12 months"); see also O'Neill v. Berryhill, No. 5:16-CV-129-DCK, 2017 WL 2469243 (W.D.N.C. June 7, 2017) (discussing discretionary standard for reopening and jurisdictional issues related to an agency's decision to apply *res judicata* and decline to reopen); Leach v. Colvin, No. 1:14CV847, 2015 WL 4878189, at *6 (M.D.N.C. Aug. 14, 2015) ("these regulations provide for a discretionary determination…. More importantly, as set out above, this Court is 'without jurisdiction under 42 U.S.C. § 405(g) to engage in judicial review … of a decision by the Secretary not to reopen the claim'") (citing McGowen v. Harris, 666 F.2d 60, 65–66 (4th Cir. 1981); Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)).

Therefore, the undersigned does not find that the ALJ committed reversible error with respect to her treatment of Plaintiff's prior application.

### B. The Appeals' Council's Denial

The administrative record indicates that the ALJ issued an unfavorable decision on June 17, 2019.

On July 8, 2019, Plaintiff submitted a Request for Review of the ALJ's decision. AR at 177. In setting forth her reason(s) for requesting review, Plaintiff wrote only "I want to appeal." Id.

On July 14, 2019, the Appeals Council sent Plaintiff correspondence stating that it had received a request to review the ALJ's action and provided Plaintiff with additional instructions, including that Plaintiff could provide a statement about the facts and the law in her case or additional evidence. See AR at 7-8. It does not appear that Plaintiff provided a statement or additional evidence.

On May 19, 2020, the Appeals Council denied Plaintiff's request for review, explaining that Plaintiff did not "provide a basis for changing the Administrative Law Judge's decision." AR at 1.

Thus, to the extent Plaintiff is contending that the Appeals Council denied her request for review improperly, the undersigned finds no reversible error. See Meyer v. Astrue, 662 F.3d 700, 704-705 (4th Cir. 2011) (discussing the circumstances under which the Appeals Council "will grant a claimant's request for review rather than deny or dismiss the request," and explaining that the Appeals Council is not required to articulate specific findings for

6

denying a request); Snider v. Colvin, No. 6:12-cv-954, 2013 WL 4880158, at *6 (S.D. W.Va. Sept. 12, 2013) ("as a general matter, the Appeals Council does not have to explain its reasons for denying review").

### C. The ALJ's Five-Step Determination

The undersigned has also reviewed the ALJ's June 17, 2019 decision, including the ALJ's analysis of Plaintiff's impairments and the development of Plaintiff's residual functional capacity.

Plaintiff has identified no specific alleged errors and the decision, on its face, does not appear to include any errors that would require remand. See Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

### III. Recommendation

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (Doc. 15) be **GRANTED**.

Signed: September 1, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).